U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

GARY DEAR, as parent and
next friend of JUSTIN DEAR,
a minor,

     Plaintiff,
vs.

ROYAL CARIBBEAN CRUISES, LTD.,
A Liberian Corporation

     Defendant
     _____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, **GARY DEAR, as parent and next friend of JUSTIN DEAR, a minor** (hereafter "GARY DEAR and JUSTIN DEAR" or "Plaintiff"), by and through undersigned counsel, hereby sues the Defendant, **ROYAL CARIBBEAN CRUISES, LTD., a Liberian Corporation,** and alleges as follows:

1. This is an action for damages that exceeds this Court's minimum jurisdictional requirements, to wit, $75,000.00, exclusive of all interest and costs.

2. This Court has jurisdiction over this matter pursuant to 28 USC § 1333 (1) (admiralty) and the contractual language contained in the cruise ticket.

3. Venue in the United States District Court for Southern District of Florida is appropriate pursuant to the forum selection clause contained in the passenger ticket between Plaintiff and Defendant.

4. At all times material, Plaintiff, **GARY DEAR, as parent and next friend of JUSTIN DEAR, a minor**, were both residents of and domiciled in the State of Florida, both

Case 1:14-cv-24441-FAM   Document 1   Entered on FLSD Docket 11/21/2014   Page 2 of 5

Gary Dear, as parent and next friend of Justin Dear, a minor vs. Royal Caribbean Cruises, Ltd., a Liberian Corporation
Complaint for Damages
Page 2

now living in Delray Beach, Florida, and at all times material were passengers on board defendant's vessel, **LIBERTY OF THE SEAS**.

5. Upon information and belief, at all times material, Defendant, **ROYAL CARIBBEAN CRUISES, LTD.**, personally or through an agent:

    A. Operated, conducted, engaged and/or carried on a business venture in the State of Florida, and in particular Miami-Dade County, Florida;

    B. Were engaged in substantial business activity in the State of Florida, and in particular, in Miami-Dade County, Florida;

    C. Operated vessels and provided vessels for cruises in the waters of this state;

    D. Committed one or more acts as set forth in F.S. §48,081, 48.181 and 48.193, which submit the defendant to the jurisdiction and venue of this Court. Further, this court has jurisdiction of this action under 28 U.S.C. §1333(1);

    E. The acts of defendants set out in the Complaint occurred in whole or in part in Miami-Dade County and/or the State of Florida.

6. All conditions precedent to the institution of this action have been satisfied, or otherwise excused, including the pre-suit notice required by the terms and conditions of Defendant's cruise ticket. (The ticket is no longer in Plaintiff's possession).

## COUNT I - NEGLIGENCE

7. On or about February 16, 2013, Defendant owned and operated a passenger cruise ship known as the "**LIBERTY OF THE SEAS**."

8. At such time and place, Plaintiff, **GARY DEAR and his son, JUSTIN DEAR**, were lawfully and legally aboard said vessel as invitees and paying passengers with the actual and/or constructive consent of Defendant.

Case 1:14-cv-24441-FAM   Document 1   Entered on FLSD Docket 11/21/2014   Page 3 of 5

Gary Dear, as parent and next friend of Justin Dear, a minor vs. Royal Caribbean Cruises, Ltd., a Liberian Corporation
Complaint for Damages
Page 3

9. On February 16, 2013, while on board the **LIBERTY OF THE SEAS**, which was operating in navigable waters, the Plaintiff, minor child, **JUSTIN DEAR**, was seriously injured when he slipped and fell on a wet substance between the bathroom stall and the sink in the women's restroom on Deck Three, seriously injuring his left and right arms.

10. At all times material hereto Defendant, **ROYAL CARIBBEAN CRUISES, LTD.**, owed a duty to Plaintiff and other similarly situated passengers to exercise reasonable care under the circumstances.

11. Defendant, **ROYAL CARIBBEAN CRUISES, LTD.**, breached its duty owed to Plaintiff by committing one or more of the following acts or omissions:

A. By creating a dangerous condition allowing a spill to remain in the subject women's restroom on Deck Three of the subject vessel;

B. Failing to properly maintain the deck surfaces in and around the subject women's restroom on Deck Three in a reasonably safe condition;

C. Failing to inspect the subject women's restroom on Deck Three in a sufficient and diligent manner to determine the presence of foreign transitory substances;

D. Failing to provide a reasonably safe deck surface on its vessel, reasonably designed for use by its passengers;

E. Failing to warn passengers, including Plaintiff of the wet surface in the subject women's restroom, the existence of which Defendant knew of or in the exercise of reasonable care should have known in the subject area of the subject women's restroom on Deck Three;

Case 1:14-cv-24441-FAM   Document 1   Entered on FLSD Docket 11/21/2014   Page 4 of 5

Gary Dear, as parent and next friend of Justin Dear, a minor vs. Royal Caribbean Cruises, Ltd., a Liberian Corporation
Complaint for Damages
Page 4

F. Negligently establishing and enforcing a method of operation for inspection and maintenance of the subject women's restroom where Plaintiff fell;

G. Allowing a dangerous condition to exist notwithstanding prior similar injury incidents on this and other vessels in its fleet and this class in the subject women's restroom on Deck Three areas, including the area where Plaintiff fell;

H. Failing to train crew members in the assessment, inspection, discovery, and cleaning of food and liquid on the deck surfaces in the area in and around the restrooms aboard the subject vessel;

I. Failing to comply with its own internal policies and procedures established by the ISM Code, SQMS, and other internal operational procedures required by the ISM Code, SOLAS, all applicable health, building and safety codes and ordinances in accordance with 33 CFR 96.100 et. seq., 46 USC Section 3201 et. seq. and all Rules and Regulations, including, but not limited to all relevant standards NVIC's of the United States Coast Guard, and IMO.

12. As a direct and proximate result of Defendant's negligence and above referenced breaches of duty, Plaintiff, **GARY DEAR and JUSTIN DEAR**, suffered bodily injuries and resulting pain and suffering, physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, expense of hospitalization, surgery and medications, loss of earnings in the past, loss and/or impairment of the ability to earn money, expenses for physical and occupational therapy, and medical and nursing expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses into the future.

Case 1:14-cv-24441-FAM   Document 1   Entered on FLSD Docket 11/21/2014   Page 5 of 5

Gary Dear, as parent and next friend of Justin Dear, a minor vs. Royal Caribbean Cruises, Ltd., a Liberian Corporation
Complaint for Damages
Page 5

## COUNT II
## LOSS OF CONSORTIUM OF GARY DEAR (AS PARENT)

13. Plaintiff, **GARY DEAR and JUSTIN DEAR**, re-avers and re-alleges each and every allegation on Paragraphs 1-6.

14. As a direct, proximate and foreseeable result of the negligence and actions of the Defendant, **ROYAL CARIBBEAN CRUISES, LTD.**, as alleged by the Plaintiff, **GARY DEAR and JUSTIN DEAR**, suffered in the past and will continue to suffer in the future the loss of his son's future support and services, has provided and will continue to provide nursing care and has in the past and will in the future incur medical and related expenses for his son's care and treatment.

15. These losses are either permanent or continuing and the Plaintiff, **GARY DEAR and JUSTIN DEAR,** will suffer those losses in the future.

**WHEREFORE**, Plaintiff, **GARY DEAR and JUSTIN DEAR**, demands judgment, interest and costs against Defendant, **ROYAL CARIBBEAN CRUISES, LTD.**, a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

Dated: November 21, 2014.

        LAW OFFICE OF GLENN J. HOLZBERG
        Offices at Pinecrest II, Suite 220
        7685 S.W. 104th Street
        Miami, Florida 33156
        Telephone: (305) 668-6410
        Facsimile:   (305) 667-6161

        BY:   */s/ Glenn J. Holzberg*
              GLENN J. HOLZBERG
              Fla. Bar # 369551